# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Before filing of Pleading)*

DEFENDANT'S EXHIBIT A

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| County # | Judicial District | Court ID (CH, CI, CO) | | |
| 2 4 | 1 | C I | 2 0 1 7 | 0 0 1 7 8 |

Local Docket ID

| Month | Date | Year |
|---|---|---|
| 0 8 | 1 4 | 1 7 |

Form AOC/01 (Rev 2009)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

_CIRCUIT_ Court of **HARRISON** County — **FIRST** Judicial District

(Place an "X" in one box only)

| | | |
|---|---|---|
| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

---

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual **Coffman** / **Sarah**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

____ Check ( x ) if Individual Plainitiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff  1113 Mills Avenue. Apt. B Gulfport. MS  39501

Attorney (Name & Address)   James K. Wetzel. 1701 24th Avenue. Gulfport. MS  39501      **MS Bar No.** 7122

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____

---

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual _____

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business  Wal-Mart Stores East, LP
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A  Post Office Box 14731, Lexington, KY  40512

Attorney (Name & Address) - If Known _____      **MS Bar No.**

---

**Damages Sought:**   Compensatory $ _____   Punitive $ _____   Check ( x ) if child support is contemplated as an issue in this suit.*

*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

---

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other ____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other ____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other ____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other ____ | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other ____ | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other ____ | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [X] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other ____ | [ ] Other ____ | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other ____ | [ ] Other ____ |

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**

**FIRST JUDICIAL DISTRICT**

FILED

AUG 1 4 2017

CONNIE LADNER
CIRCUIT CLERK
BY: _____ D.C.

**SARAH COFFMAN**                                                 **PLAINTIFF**

**VERSUS**                              **CAUSE NO.** A2411-17-178

**WAL-MART STORES EAST, LP**                               **DEFENDANT**

## COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW Plaintiff, Sarah Coffman, by and through her attorneys of record, Wetzel Law Firm, and files herewith her Complaint against the Defendant, Wal-Mart Stores East, LP, and in support of said claim for relief would show unto this Honorable Court as follows:

I.

That the Plaintiff is an adult resident citizen of Harrison County, Mississippi.

II.

That the Defendant, Wal-Mart Stores East, LP, is a foreign corporation qualified to do business in the State of Mississippi and is in good standing in the State of Mississippi, and may be served with process by service upon its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

III.

That the Defendant, Wal-Mart Stores East, LP, was operating a business known as Wal-Mart located at 9350 Highway 49, Gulfport, Mississippi, which business is open to the general public for the purpose of selling groceries, general items and merchandise to the public.

IV.

That Plaintiff would show that on or about December 23, 2015, Plaintiff was present on

the premises of the Defendant, Wal-Mart Stores East, LP, store located at in Gulfport,

Mississippi, and was present on the premises for the express purpose of purchasing merchandise

from the Defendant, Wal-Mart Stores East, LP. That at said time and place the Plaintiff was

lawfully and properly on the premises of the Defendant, Wal-Mart Stores East, LP, in answer to

the express or implied invitation of the Defendant, Wal-Mart Stores East, LP, for the purpose of

transacting business on the premises, and as such, was a business invitee of the Defendant, Wal-

Mart Stores East, LP. Plaintiff would further show that while she was present on the Defendant,

Wal-Mart Stores East, LP's, premises on said date, while exercising due care and caution of her

own safety, Plaintiff, Sarah Coffman, sustained injuries while walking down the aisle of the store

in the meat section when suddenly and without warning the Plaintiff's shoe lace caught onto a

screw that was sticking out about 2 inches, causing the Plaintiff to fall forward and land violently

onto the floor sustaining severe and permanent injuries as hereinafter more fully set forth.

V.

That your Plaintiff would show that it is the duty of the Defendant to use ordinary care

and diligence to protect those business invitees, including your Plaintiff, Sarah Coffman, from

conditions which are dangerous and which may potentially cause injury on the premises of

Defendant, Wal-Mart Stores East, LP's, store. Plaintiff would show that the Defendant, Wal-

Mart Stores East, LP, is responsible for the operation and maintenance of its store located in

Gulfport, Mississippi, and in particular to use ordinary care and diligence in the maintenance of

the coolers in its store, which its patrons constantly walk by during the course of its days

business, and to maintain said coolers in such a manner as to be free from all defects and

2

conditions which would render Defendant, Wal-Mart Stores East, LP's business dangerous and -unsafe for those business invitees, including your Plaintiff, or present an unreasonable risk of harm to the Plaintiff, Sarah Coffman, in her lawful use of the premises.

VI.

Plaintiff would further show that it was the duty of the Defendant, by inspection or other affirmative act, to exercise reasonable care to protect the Plaintiff from the danger of reasonably foreseeable injury from occurring from reasonably foreseeable occurrences involving the coolers of said store and that it is further the duty of the Defendant to exercise reasonable care to protect the Plaintiff, Sarah Coffman, either by inspection or other affirmative acts, to insure that safety is maintained on its coolers and to exercise reasonable care to protect the Plaintiff from injuries resulting from negligent and unsafe conditions present in the store, and in particular the unsafe screw sticking out, which caused a dangerous and unsafe condition on Defendant, Wal-Mart Stores East, LP's premises.

VII.

Plaintiff would further show that it was the duty of the Defendant to have sufficient personnel and equipment to properly inspect and maintain the premises in a manner and condition reasonably safe for business invitees. Further, Plaintiff would show that it was the duty of the Defendant to warn the Plaintiff of the dangerous conditions posed by the presence of the screw, and to warn Plaintiff, Sarah Coffman, that there was such a screw sticking out, and that Defendant, by and through its employees, while in the course and scope of their employment, carelessly failed to (1) remove said screw, or (2) failed to warn of the screw sticking out of its cooler which rendered same dangerous and unsafe for the use of such individuals, such as the Plaintiff, Sarah Coffman.

3

VIII.

Plaintiff would allege that the unsafe condition of the cooler by the screw sticking out was known by the Defendant and the Defendant's employees, agents and servants, or in the exercise of reasonable care, should have known of the screw sticking out, and that said Defendant, employees, agents and/or servants failed to remove or warn of the said screw prior to the injuries to the Plaintiff, Sarah Coffman.

IX.

Plaintiff would state that the Defendant's negligence proximately caused or proximately contributed to cause Plaintiff's injuries and damages. Plaintiff states that the Defendant failed to perform certain legal duties owed to your Plaintiff, including, but not limited to the follows:

1.  The Defendant failed to use ordinary care to have the premises on which the Defendant operates its business in a reasonably safe condition for use in manner consistent with the Defendant's invitation to Plaintiff as a business invitee;

2.  The Defendant failed to warn the Plaintiff, Sarah Coffman, of the unsafe screw sticking out and failed to warn the Plaintiff of the danger posed by said screw in allowing a dangerous and unsafe condition to exist on the Defendant's premises;

3.  The Defendant failed to exercise reasonable care to protect the Plaintiff by performing reasonable inspections or other affirmative acts from the danger of reasonable or foreseeable injury occurring from the reasonably foreseeable use of the coolers of the store, which was known or should have been known to the Defendant;

4.  The Defendant failed to use reasonable care to provide a place of business which was free from dangerous conditions, and that the Defendant, by breach of those duties, thereby exposed Plaintiff to an unreasonable risk;

5.  Other aspects to be shown at trial.

4

of this Honorable Court, together with pre- and post-judgment interest and costs and punitive damages.

RESPECTFULLY SUBMITTED, this the _____ day of _____, 2016.

SARAH COFFMAN, Plaintiff

By: _____

JAMES K. WETZEL

WETZEL LAW FIRM
James K. Wetzel (MS Bar No. 7122)
Garner J. Wetzel (MS Bar No. 103596)
Post Office Box I
Gulfport, MS 39502
(228) 864-6400 (ofc)
(228) 863-1793 (fax)
ATTORNEYS FOR PLAINTIFF

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

### --- FIRST JUDICIAL DISTRICT ---

SARAH COFFMAN                                                    **PLAINTIFF**

VERSUS                                          CAUSE NO. A2401-17-178

WAL-MART STORES EAST, LP                                        **DEFENDANT**

---

## SUMMONS

---

**TO:**   C T Corporation System, Registered Agent
Wal-Mart Stores East, LP
645 Lakeland East Drive, Suite 101
Flowood, Mississippi  39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written Answer either admitting or
denying each allegation in the Complaint to **Wetzel Law Firm, whose address is Post Office
Box I, Gulfport, Mississippi 39502.** THIS ANSWER MUST BE MAILED OR DELIVERED
WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND
COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT PREVIOUSLY
FILED.

You must also file the original of your Answer with the Clerk of this Court within a
reasonable time afterward.

Connie Ladner, Circuit Clerk
Harrison County, Mississippi

DATED: 8|14|17                By: _____
                                 DEPUTY CLERK